IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00278-REB-CBS

STEPHAN DARRIS,
    Plaintiff,
v.

ANNIE [HOLESTINE][1], Director (Williams Street), in her official & individual capacity, and
ERICA GILLESPIE, Director (CMI Fox), in her official & individual capacity,
    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Defendant Erica Gillespie's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #31), filed June 3, 2012, and Defendant Annie [Holestine]'s Motion to Dismiss (Doc. #36), filed on June 4, 2012. Plaintiff filed an Answer to Both Defendants' Motions to Dismiss (hereinafter "Response") (Doc. #44) on July 9, 2012. On July 23, 2012, Defendant Gillespie filed her Reply Brief in Support of Defendant Gillespie's Motion to Dismiss (Doc. #45) and Defendant Holestine filed her Reply in Support of Motion to Dismiss. (Doc. #46).

    Pursuant to the February 21, 2012 Order of Reference (Doc. #7) this matter was referred to the Magistrate Judge. The court has carefully reviewed the motions, the related briefings and hearings, the entire case file, and the applicable law. For the following reasons, I recommend that Defendant Holestine's Motion to Dismiss be **GRANTED**, and that Defendant Gillespie's Motion to Dismiss be **GRANTED** in part and **DENIED** in part.

---

[1]     The case caption omits Defendant Annie Holestine's surname. *See* Defendant Annie's Motion to Dismiss at page 1 of 7 (Doc. #36). The court will hereinafter refer to "Defendant Annie" as "Defendant Holestine."

1

## I. BACKGROUND

Plaintiff, Stephan B. Darris, is an inmate in the custody of the Colorado Department of Corrections ("CDOC"). At the time of the events alleged in the Amended Complaint, Mr. Darris was housed in Community Corrections, first at the Williams Street Halfway House ("Williams") and later at the CMI Fox Halfway House ("CMI"). Mr. Darris' claims arise from his treatment and housing at both Williams and CMI.

Mr. Darris brings this case pursuant to 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment right to be protected from harm while in the custody of CDOC. Mr. Darris alleges the Defendants failed to protect him from multiple sexual assaults, intimidation, and extortion. Defendant Holestine ("Ms. Holestine") is the director of Williams and Defendant Gillespie ("Ms. Gillespie") is the director of CMI.

Mr. Darris was first housed at Williams; he alleges he was transferred to CMI because a Williams staff member, "Bridgette," had become romantically involved with a Denver police officer whom Mr. Darris had named in a prior suit. *See* Amended Complaint (Doc. #25) at 3. Mr. Darris informed Ms. Holestine that he opposed a transfer because an unnamed individual housed at CMI had sexually assaulted him in the past, and Mr. Darris feared that he would be the target of sexual assault again if he was transferred to CMI. *Id*. Plaintiff alleges that at a "highly emotional meeting," he "tearfully . . . begged and begged" not to be transferred to CMI and reiterated that "his safety and security was at risk." *Id*. Mr. Darris alleges that "Defendant Annie made this information available to Defendant Erica Gillespie[,] director of CMI Fox." *Id.* at 3-4. Mr. Darris was transferred to CMI. *Id.* at 4.

Once at CMI, Mr. Darris alleges that his fears were confirmed when this same unnamed inmate did sexually assault him on or about April 3, 2011, and again on or about May 1, 2011. *Id*. at 6. Mr. Darris alleges that Ms. Gillespie failed to respond to his "verbal complaints after incidents arose." *Id*. Lastly, Mr. Darris alleges that other inmates at CMI "on several occasions between April 1, 2011 and

2

May 7, 2011" forced him to reveal his Colorado Quest account information, and that the other inmates used Mr. Darris' "food stamps," and his money to purchase drugs. *Id*. at 7.

Mr. Darris claims that (1) Defendant Holestine and Defendant Gillespie transferred him to CMI despite knowing he feared victimization and sexual assault at CMI; (2) he was sexually assaulted at CMI as a direct result of his transfer and Defendant Gillespie failed to respond to his report of his sexual assaults; and (3) Defendant Gillespie failed to protect him from extortion. *See* Amended Complaint, (Doc. #25). Plaintiff's Response includes additional arguments that Defendant Holestine failed to document his complaint in violation of Community Corrections protocol and that Defendant Gillespie failed to respond to his written request for a single room. *See* Plaintiff's Response, (Doc. #44).

Plaintiff requests equitable and monetary relief against both Defendants in their individual and official capacities.

## II. STANDARD OF REVIEW

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Pro se complaints are "liberally construed, and are held to less stringent standards than formal pleadings drafted by lawyers." *Rider v. Werholtz*, 548 F. Supp. 2d 1188, 1194 (D. Kan. 2008). A claim is considered plausible if there is sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 129 S. Ct. at 1949. Although the factual allegations must be sufficient to "raise a right to relief above the speculative level," a well-pleaded complaint may survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility requirement

"simply calls for enough fact to raise a reasonable expectation that discovery will reveal" evidence that the facts alleged are true. *Id.* at 556.

### III. OFFICIAL CAPACITY AND EQUITABLE RELIEF CLAIMS

Mr. Darris brought suit under Section 1983 presuming that Defendants Gillespie and Holestine are state actors. Neither Defendant has alleged that they were not acting with the implicit authorization of the state, nor have the Defendants alleged that Section 1983 claims should not apply to them. Therefore, the court assumes without specifically deciding that the Defendants were state actors, and Mr. Darris' suit may go forward.

If the defendants are state actors, Mr. Darris' claim against both Defendants in their official capacity must be dismissed. The Defendants qualify for Eleventh Amendment immunity to suits brought against them in their official capacities. *See Allen v. Zavaras*, 430 F. App'x 709, 712-13 (10th Cir. 2011) (affirming dismissal of prisoner's Eighth Amendment claims against the Department of Corrections because "Eleventh Amendment immunity extends to states and state agencies deemed 'arms of the state'. . .[therefore it was correct to dismiss] the claim against the DOC for injunctive relief because . . . the DOC is an agency of Colorado that is entitled to Eleventh Amendment immunity.").[2] Additionally, Mr. Darris seeks injunctive relief in the form of an investigation into CMI Fox, and a stay of any criminal charges currently pending against Plaintiff in Denver County Court. *See* Amended Complaint, (Doc. #25) at 9. The court is powerless to give the injunctive relief that Mr. Darris seeks. *Kugler v. Helfant*, 421 U.S. 117, 123 (1975) (reaffirming that "established doctrines of equity and comity . . . reinforced by the demands of federalism" preclude a federal court from issuing an injunction in a pending state prosecution); *see also Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (affirming denial of a prisoner's request for an injunction ordering his transfer into a different unit because the request "bore no relation to the merits of the deliberate indifference claim.").

---

[2] Copies of unpublished cases cited are attached to this Recommendation.

Therefore, Mr. Darris' claims against the Defendants in their official capacities and claims for injunctive relief are properly dismissed.

## IV. ANALYSIS

Plaintiff Darris asserts that Defendants Gillespie and Holestine failed to protect him from violence in the Community Corrections program, in violation of his Eighth Amendment rights. To constitute an Eighth Amendment violation, the alleged deprivation must first be objectively "sufficiently serious;" and second, the official must have subjectively acted with "deliberate indifference" toward the inmate's needs. *Farmer v. Brennan*, 511 U.S. 825, 825 (1994).

For a claim based on a failure to protect to be sufficiently serious, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Prison officials are responsible for providing "humane conditions of confinement," including furnishing adequate food, clothing, appropriate shelter, and medical care. *Id.* at 832. Additionally, prisoners have the right to be protected from assaults by other inmates. *Id.* at 833 (confirming that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners"). This right prohibits conduct that is "sure or very likely to cause serious injury at the hands of other inmates," *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001), including the risk of physical or sexual assaults. The Tenth Circuit has noted that suffering assaults while imprisoned is not "part of the penalty that criminal offenders pay for their offenses against society," and failure to protect from such assaults may constitute an Eighth Amendment violation. *Id.* at 1271.

Several courts have affirmed that a serious risk of sexual assault is sufficient to constitute an Eighth Amendment violation and satisfies this first objective prong. *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) ("There is no question that sexual assault of the kind suffered by Ms. Tafoya meets this objective component of an Eighth Amendment claim."); *Howard v. Waide*, 534 F.3d 1227, 1237 (10th Cir. 2008) ("Of course the harm of sexual assault is "serious" enough to have Eighth

5

Amendment implications."); *see also Giron v. Corr. Corp. of Am.*, 14 F. Supp. 2d 1252, 1255 (D.N.M. 1998), *aff'd*, 191 F.3d 1281 (10th Cir. 1999) ("Plaintiff's deprivations resulting from this [sexual] assault are sufficiently serious to satisfy the first prong of this analysis and to constitute a violation under the Eighth Amendment."). Additionally, the Tenth Circuit has affirmed the objective component may be met where officials fail to make a situation safer, including refusing to "separate[e] the prisoner from other inmates who previously have attacked him." *Grimsley v. MacKay*, 93 F.3d 676, 681 (10th Cir. 1996).

However, the test for an Eighth Amendment violation is a two-part inquiry. The objective seriousness of a sexual assault does not necessarily translate into automatic constitutional liability. In order to constitute an Eighth Amendment violation the official must have the requisite state of mind; an Eighth Amendment violation occurs only if the prison official is "deliberately indifferent" to this risk of harm. *Farmer*, 511 U.S. at 828. Generally, a prison official acts with deliberate indifference if the official "knows of and disregards an excessive risk to inmate health or safety." *Rider*, 548 F. Supp. at 1195. To be deliberately indifferent, the official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Giron*, 14 F. Supp. 2d at 1255. An official is not liable if he or she merely "should have known" of a risk. *Id.* at 1255-56.

An official also is not liable if he or she responds reasonably to the risk. *Tafoya*, 516 F.3d at 916 (confirming that a prison official is not "deliberately indifferent" to a risk unless the official "is aware of and fails to take reasonable steps to alleviate that risk."). "In determining whether prison officials acted reasonably, we consider what actions they took, if any, as well as available alternatives that might have been known to them." *Howard*, 534 F.3d at 1240.

### A. Claims against Defendant Annie [Holestine]

Plaintiff addresses two of his claims against Defendant Annie Holestine: first, that Defendant Holestine transferred him from Williams to CMI after being put on notice of his fears; and second, that he was actually assaulted as a direct result of the transfer. Mr. Darris' allegations satisfy the objective prong of the Eighth Amendment test.

Assuming, as I must, that all factual allegations in Mr. Darris' Amended Complaint are true, Mr. Darris had been assaulted at some point in the past; Mr. Darris' assailant was housed at CMI; Mr. Darris informed both Defendants of his history of sexual assault and put them on notice that his assailant was now located at CMI; then Mr. Darris was transferred to CMI where that same inmate assaulted him yet again. *See* Amended Complaint (Doc. #25). As the Tenth Circuit has found on numerous occasions, suffering multiple sexual assaults at the hands of other inmates is an Eighth Amendment violation. *Tafoya*, 516 F.3d at 916; *Howard*, 534 F.3d at 1237. Further, "Defendant Holestine does not dispute that an allegation of sexual assault can be sufficiently serious to satisfy the objective component of a deliberate indifference claim." *See* Defendant Annie's Reply in Support of Motion to Dismiss (Doc. #46). Therefore, Plaintiff's allegations of sexual assault satisfy the objective prong of the Eighth Amendment test.

However, Plaintiff does not adequately plead that Defendant Holestine disregarded this risk to Plaintiff or acted unreasonably. Plaintiff states that after his meeting with Defendant Holestine, during which he informed her of his fear of sexual assault, Defendant Holestine "made this information available to defendant Erica Gillespie, director of CMI." *See* Amended Complaint, Doc. #25, at p. 3-4. Defendant Holestine argues in her reply that she "responded reasonably to his concerns by calling CMI Fox." *See* Defendant Annie's Reply in Support of Motion to Dismiss (Doc. #46) at p. 3.

Mr. Darris has failed to allege that Defendant Holestine had the ability to countermand the order to transfer him to CMI or that she could or should have done anything differently. It is not unreasonable for a supervisor of the first halfway house to call the supervisor of the second halfway house to alert her

to a new inmate's concerns.  Further, there are no allegations that Defendant Holestine had the authority to stop Plaintiff's transfer.  *See Whitington v. Ortiz*, 307 F. App'x 179, 193 (10th Cir. 2009) (dismissing a claim if the plaintiff asserts "no allegation that [the defendant] had any authority with respect to official CDOC policy or that he personally participated in any of the deprivations"); *Durham v. Lapin*, 2006 WL 2724091, at *9-10 (D. Colo. 2006) (dismissing complaint when plaintiff alleging Eighth Amendment violation had not adequately plead that the defendant had the ability to change prison conditions or override decisions by others).  In his Response, Mr. Darris argues that Defendant Holestine failed to complete a report of his complaint, as required by CDOC protocol.  This additional contention does not state a claim because "failure to adhere to administrative regulations does not equate to a constitutional violation."  *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing Davis v. Scherer, 468 U.S. 183, 194 (1984) ("[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision")); *see also Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) ("To the extent [plaintiff] seeks relief for alleged violations of state statutes and prison regulations, however, he has stated no cognizable claim" for deprivation of a right secured by the Constitution or laws of the United States.) (citations omitted).  Plaintiff has failed to state a claim against Defendant Holestine that establishes a constitutional violation of his Eighth Amendment rights.

### B.  Claims Against Defendant Gillespie

Plaintiff asserts three claims against Defendant Gillespie: that Defendant Gillespie agreed to the transfer to CMI despite knowing of his history of sexual assault by one of its current inmates; that she disregarded his complaints while at CMI with the result that he was sexually assaulted twice; and that she failed to protect him from extortion of his government benefits.

Defendant Gillespie alleges in her reply that Claim One "does not apply to this Defendant." *See* Motion of Defendant Gillespie to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Doc. #31 at 2. On the contrary, Mr. Darris alleges Claim One against "both Defendants." *See* Doc. #25 at 5.

Defendant Gillespie further argues that Mr. Darris has failed to state a plausible claim, "even accepting those allegations as true for purposes of determining a motion to dismiss." *Id.* at 3. Assuming that Mr. Darris' allegations are true, Defendant Gillespie may have acted with deliberate indifference to the risk of sexual assault. Mr. Darris told Defendant Gillespie that a current CMI resident had attacked him in the past. He alleges that after the unnamed inmate attacked him, he again informed Defendant Gillespie and she did not respond to his verbal complaints. *See* Amended Complaint, Doc. #25, at 6. There is no requirement that Mr. Darris have submitted a written request; it is sufficient that he verbally complained and made her aware of the risk. *See Howard*, 534 F.3d at 1237 (holding that an inmate does not need to provide "written notice of a threat" before an Eighth Amendment violation can occur).

Accepting the Plaintiff's allegations as true, the court concludes that the complaint states a plausible constitutional violation, that the Plaintiff was subject to sexual assault and that Defendant Gillespie failed to protect him from those assaults while he was under her supervision.

Finally, Mr. Darris alleges in Claim Three that Defendant Gillespie failed to protect him from extortion at the hands of other inmates. This allegation fails on two levels. First, the Plaintiff has failed to adequately plead this claim. Mr. Darris does not allege specific conduct that Defendant Gillespie did or failed to do in response to his complaints of extortion, and has merely stated that Defendant Gillespie did not "respond[] to all claims by plaintiffs concern of being extorted [sic]." *See* Amended Complaint (Doc. #25) at 7. Therefore, he has merely stated conclusory allegations without alleging conduct upon which relief can be granted. Second, reading the pro se Plaintiff's Amended Complaint liberally and assuming that the statement is a valid allegation, failure to protect from extortion is not a "sufficiently serious" deprivation. Deprivations that are "sufficiently serious" include, as discussed above, physical and sexual assaults, and do not generally include claims of extortion. *See*, *e.g.*, *Hunsaker v. Jimerson*,

No. 08-CV-01479-REB-MJW, 2010 WL 3323415 (D. Colo. July 9, 2010) (denying Eighth Amendment claim that prison officials failed to protect inmate from extortion by other inmates).

Accordingly, IT IS RECOMMENDED that:

1. Defendant Holestine's Motion to Dismiss (Doc. #36) be **GRANTED** and that Defendant Holestine be dismissed for this civil action.

2. The Motion of Defendant Gillespie to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #31) be **DENIED** in part and **GRANTED** in part and that Claim Three of the Amended Complaint (Doc. # 25) be dismissed, any claim against Defendants in their official capacities be dismissed, any claim for injunctive relief be dismissed, and that this civil action proceed only against Defendant Gillespie on Claims One and Two.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision

to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 24th day of February, 2013.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge