**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 12-cv-00278-REB-CBS

STEPHAN DARRIS,

    Plaintiff,

v.

ANNIE Director (Williams Street), and
ERICA GILLESPIE, Director (CMI Fox),

    Defendants.

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

    This matter is before me on the following: (1) the **Motion of Defendant Gillespie To Dismiss Pursuant To FED. R. CIV. P. 12(b)(6)** [#31][1] filed June 3, 2012; (2) defendant Annie Holestine's **Motion To Dismiss** [#36] filed June 4, 2012; and (3) the corresponding **Recommendation of United States Magistrate Judge** [#56] filed February 24, 2013. No objections to the recommendation have been filed.

    The plaintiff is acting *pro se*. Therefore, I construe his filings generously and with the leniency due pro se litigants, see ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

    No objections to the recommendation were filed. Thus, I review it only for plain

---

[1] "[#31]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] Finding no error, much less plain error, in the disposition recommended by the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court.

The plaintiff Stephan Darris alleges he suffered injuries following a transfer from the Williams Street Center, a community corrections center, to CMI-Fox, another community corrections center. Mr. Darris claims he had been a resident at CMI-Fox previously and had been sexually assaulted by another (unidentified) resident at that facility. Mr. Darris says he met with Defendant Annie Holestine, a director at the Williams Street Center, to advise her of the he had suffered at CMI-Fox. Notwithstanding, Mr. Darris was transferred to CMI-Fox anyway. The plaintiff alleges that both he and Ms. Holestine advised CMI-Fox of the issue. According to Mr. Darris, after the transfer took place, he was sexually assaulted again by the same CMI-Fox resident who had assaulted him previously.

In the recommendation, the magistrate judge analyzes thoroughly the allegations of the complaint and the standard applicable to a motion to dismiss. Ultimately, the magistrate judge recommends that defendant Annie Holstine's motion to dismiss be granted as to all claims against her. In addition, the magistrate judge recommends that the motion to dismiss of defendant Erica Gillespie, the director of CMI-Fox, be granted as to Claim Three of the plaintiff's complaint [#25], any claim against Ms. Gillespie in her official capacity, and any claim for injunctive relief. The magistrate judge recommends that Ms. Gillespie's motion to dismiss be denied as to the Claims One and Two, as

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter. **Morales-Fernandez**, 418 F.3d at 1122.

2

alleged in the plaintiff's complaint [#25].  I agree with the analysis of the magistrate judge.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#56] filed February 24, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That  defendant Annie Holestine's **Motion To Dismiss** [#36] filed June 4, 2012, is **GRANTED**;

3. That the plaintiff's complaint [#25] is **DISMISSED** as to all claims asserted against defendant Annie Holestine;

4. That Annie Holestine, who is named in the complaint as "Annie, Director (Williams Street)," is **DROPPED** as a defendant in this case, and the caption is **AMENDED** accordingly;

5. That the **Motion of Defendant Gillespie To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6)** [#31] filed June 3, 2012, is **GRANTED** as to Claim Three of the plaintiff's complaint [#25], any claim against Ms. Gillespie in her official capacity, and any claim for injunctive relief;

6. That otherwise, the **Motion of Defendant Gillespie To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6)** [#31] filed June 3, 2012, is **DENIED**;

7. That the remaining claims in this case are Claims One and Two, as alleged in the plaintiff's complaint [#25], against defendant Erica Gillespie.

Dated March 13, 2013, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

3